UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EVELYN L. LASTER,<br><br>    Plaintiff,<br><br>      v.<br><br>ALLEN COUNTY JAIL, CITY OF FORT WAYNE,<br><br>    Defendants. | CAUSE NO. 1:25-CV-562-HAB-ALT |

**OPINION AND ORDER**

Evelyn L. Laster, a prisoner without a lawyer, filed an amended complaint (ECF 3), which the court must screen pursuant to 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Laster is proceeding without counsel, her allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead herself out of court if she alleges facts that preclude relief. *See, e.g., Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Laster is currently incarcerated at the Madison Correctional Facility. She is suing about events that occurred between October 1, 2002, through October 17, 2002, at the Allen County Jail. She claims she was arrested on a Wednesday in October of 2002 for prostitution and possession

of drug paraphernalia.[1] Once she arrived at the Allen County Jail, Correctional Officer Steve told her to go into the attorney booth. He followed here in there, unzipped his pants, and made Laster perform oral sex on him. Laster "saved some of his semen in [her] mouth," placed it into plastic when she got back to her cell, and called her attorney. (ECF 3, at 2). About an hour later, several lieutenants questioned Laster about the incident. They collected the semen sample she had saved and then released her from jail. She claims the Allen County Jail and the City of Fort Wayne violated her rights by "arising acts out of the sexual assaults." (*Id*.). She has sued those entities for monetary damages.

Even if Laster had named a viable defendant in her amended complaint—a finding this court does not reach—she cannot proceed on a lawsuit in federal court based on the events described above. A two-year statute of limitations applies to these types of claims. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."); *see also, e.g., J.K.J. v. Polk Cnty.*, 960 F.3d 367, 376 (7th Cir. 2020) (describing sexual assault claims by guards against female prisoners in the context of the Eighth and Fourteenth Amendments). Claims accrue when the plaintiff has "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (quoting *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)). Although the statute of

---

[1] This is consistent with the state case number she references in her amended complaint. *See State of Indiana v. Laster*, cause no. 02D04-0210-FD-000612 (Allen. Sup. Ct. 5 filed Oct. 1, 2002), available online at: https://public.courts.in.gov/mycase (last visited Dec. 15, 2025). In that case, Laster pled guilty to the charges, and on March 14, 2003, she was sentenced to one-and-a-half years incarceration in the Indiana Department of Correction. *See id*. She was convicted of another felony on July 15, 2025, which led to her current placement in the Madison Correctional Facility. *See id*.; *see also* Indiana Incarcerated Database Search, available online at: https://offenderlocator.idoc.in.gov/idoc-ofs-1.0.2/ofs.

limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate.").

Here, Laster claims she was sexually assaulted by Correctional Officer Steve when she arrived at the Allen County Jail sometime between October 1, 2002, and October 17, 2002. She was then released. At the very latest, the statute of limitations period ended on October 17, 2004. Laster's original complaint wasn't filed until October 12, 2025,[2] almost twenty-one years too late. Because the face of Laster's amended complaint makes it clear this case is time-barred, it must be dismissed. *See Holmes v. Marion Cnty. Sheriff's Off.,* 141 F.4th 818, 822 (7th Cir. 2025), *reh'g denied,* No. 22-3032, 2025 WL 2078828 (7th Cir. July 23, 2025) (if affirmative defense is "clear from the face of the complaint," it may be dismissed at screening); *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022) ("[D]ismissal for untimeliness is proper when the plaintiff's allegations establish that the statute of limitations bars recovery."); *see also, e.g., Olrich v. Kenosha Cty.*, 825 Fed. Appx. 397, 399 (7th Cir. 2020) (plaintiff's claim was untimely because he was "present at his arrests and detention"); *Moore v. Vagnini*, 673 Fed. Appx. 584, 586 (7th Cir. 2017) (plaintiff claiming excessive force and improper body-cavity search knew "he had suffered

---

[2] Her complaint was docketed on October 17, 2025. But because she signed it on October 12, 2025, she is given the benefit of the prison mailbox rule.

an injury" so complaint was untimely because he "did not need to know under what legal theory he had a claim, or even that he had a claim at all, to know that he had suffered harm").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A(b)(1) because it is legally frivolous to bring claims that are clearly time-barred.

SO ORDERED on December 17, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT